**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| Acer, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>Volkswagen, AG and Volkswagen Group of America, Inc.<br><br>        Defendants. | C.A. No. 21-_____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Acer, Incorporated ("Plaintiff" or "Acer"), by and through their undersigned counsel, file this Complaint against Defendants Volkswagen AG ("Volkswagen AG") and Volkswagen Group of America, Inc., ("VGOA") (collectively "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement. Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe U.S. Patent Nos. 8,483,677 (the "'677 Patent"); 8,787,304 (the "'304 Patent"); 8,798,663 (the "'663 Patent"); 9,363,059 (the "'059 Patent"); and 9,426,765 (the "'765 Patent") (collectively "the Patents in Suit").

2.     The Patents in Suit are "Standard Essential Patents" ("SEPs"), which means that they are essential to the implementation of widely adopted standards. In this case, the relevant standards pertain to wireless communications commonly known as 4G, LTE or LTE-Advanced.

3.      Plaintiff, through their licensing agent Avanci, LLC, has offered a license to the Patents in Suit on FRAND terms, and are prepared to grant a license agreement to Defendants' infringing products on terms and conditions that are fair, reasonable, and non-discriminatory ("FRAND"). Plaintiff brings this action because Defendants have refused the FRAND offers of Plaintiff's licensing agent, have refused to negotiate in good faith, but continue to sell products that practice, use, or otherwise comply with the standards covered by the Patents in Suit.

## THE PARTIES

4.      Plaintiff Acer, Inc. is a corporation organized and existing under the laws of Taiwan, and is headquartered in Taipei, Taiwan.

5.      On information and belief, Defendant Volkswagen AG is a corporation organized and existing under the laws of Germany, with a corporate headquarters in Wolfsburg, Germany.

6.      On information and belief, Defendant Volkswagen Group of America, Inc. is a corporation organized and existing under the laws of the state of New Jersey, with a corporate headquarters located at 2200 Ferdinand Porsche Dr., Herndon, VA 20171. On information and belief, Volkswagen Group of America is a wholly owned subsidiary of Volkswagen AG.  VGOA may be served through its resident agent for service of process, which is Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA 23219-4100.

## JURISDICTION AND VENUE

7.       This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over VGOA because VGOA has its corporate headquarters in Herndon, VA.

9.      The Court has personal jurisdiction over Volkswagen AG because, directly or through intermediaries, Volkswagen AG has committed acts within the Eastern District of Virginia giving rise to this action and/or has established minimum contacts with Eastern District of Virginia, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

10.     In addition, on information and belief, Volkswagen AG and VGOA have placed or contributed to placing products that infringe the Patents in Suit (the "Accused Products") into the stream of commerce via established distribution channels knowing or understanding that such products would be sold or used in the United States, including in this District. For example, on information and belief, Defendants manufacture, import and sell the accused automobiles through a network of franchised dealers throughout the United States. On information and belief, the accused cars are sold by dealers in this district, including the following dealers: Fairfax Volkswagen, located in Fairfax, Virginia; Stohlman Volkswagen, located in Tysons Corner, Virginia; and Wes Greenway's Alexandria Volkswagen, located in Alexandria, Virginia.

11.     On information and belief, Defendants have each derived substantial revenue from infringing acts in this District, including from the sale and use of Accused Products.

12.     Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b). VGOA has its corporate headquarters in Herndon, Virginia, and therefore resides in this district. Moreover, VGOA has committed acts of infringement in this district and has a regular and established place of business in this district. Therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1400(b).

13.     Volkswagen AG is a foreign corporation that is subject to personal jurisdiction in this district, and thus venue is proper in this District.  28 U.S.C §1391(c)(3).

**BACKGROUND**

14.    U.S. Patent No. 8,483,677 titled "Method of Managing Mobility Management Layer of a Mobile Device" (the "'677 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 9, 2013, after full and fair examination. Tsung-Yo Cheng is the named inventor listed on the '677 Patent.

15.    The '677 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '677 Patent.

16.    U.S. Patent No. 8,787,304 titled "Method for Reference Signal Pattern Allocation and Related Communication Device" (the "'304 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 22, 2014, after full and fair examination. Yan-Xiu Zheng and Chung-Lien Ho are the named inventors listed on the '304 Patent.

17.    The '304 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '304 Patent.

18.    U.S. Patent No. 8,798,663 titled "Method of Performing Power Headroom Reporting and Communication Device Thereof" (the "'663 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on August 5, 2014, after full and fair examination. Chun-Yen Wang, Shiang-Jiun Lin, Tzu-Ming Lin, and Chun-Chia Chen are the named inventors listed on the '663 Patent.

19.    The '663 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '663 Patent.

20.    U.S. Patent No. 9,363,059 titled "Method of Handling Component Carrier Activation and Deactivation and Communication Device Thereof" (the "'059 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 7, 2016, after full and fair

examination. Chun-Yen Wang and Tzu-Ming Lin are the named inventors listed on the '059 Patent.

21. The '059 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '059 Patent.

22. U.S. Patent No. 9,426,765 titled "Method of Handling Uplink Synchronization and Related Communication Device" (the "'765 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on August 23, 2016, after full and fair examination. Chun-Yen Wang, Chun-Chia Chen, and Shiang-Jiun Lin are the named inventors listed on the '765 Patent.

23. The '765 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '765 Patent.

24. Acer has declared the Patents in Suit essential to certain telecommunications standards that are managed by ETSI. This declaration that the Patents in Suit are essential to certain standards comes with a commitment by Acer to license its Standards Essential Patents ("SEPs") on a FRAND basis.

25. The Patents in Suit are part of a licensing platform that is managed by Avanci, LLC.

26. Plaintiff, through its licensing agent Avanci, has made a FRAND offer to Volkswagen AG to license the Patents in Suit as part of a license to the licensing platform managed by Avanci. This offer was on terms made to, and accepted by, other licensees who have taken licenses from the Avanci licensing platform. Notwithstanding the FRAND offer, Defendants have refused to license the patents for 4G LTE technology.

27. Specifically, Avanci first discussed a license with Volkswagen AG in 2016. Since that time, Avanci has had many meetings, phone conferences, and email exchanges with

Volkswagen AG to discuss and explain Avanci's 2G/3G and 2G/3G/4G license offers. Volkswagen AG concluded a 2G/3G license with Avanci in April 2019. Although Volkswagen AG affiliates Audi and Porsche also concluded 2G/3G/4G license with Avanci, Volkswagen AG did not execute a 2G/3G/4G license with Avanci at that time.

28.     Over the past two years since signing the 2G/3G license agreement, and although Volkswagen AG has increasingly incorporated 4G connectivity into its connected vehicle line-up, it still has not concluded a 2G/3G/4G license with Avanci. Instead of signing a license on the same terms as others in the industry, Volkswagen AG has engaged in delay tactics, including efforts to create a "licensee negotiation group" including many companies in the auto industry to jointly negotiate more favorable licensing terms for Volkswagen AG and other participants in the group. *See http://www.fosspatents.com/2021/07/sep-licensing-negotiation-groups-part-i.html; http://www.fosspatents.com/2021/07/sep-licensing-negotiation-groups-part.html; https//www.kidonip.com/standard-essential-patents/car-or-car-tels/.*

## COUNT I

### Infringement of U.S. Patent No. 8,483,677

29.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

30.     On information and belief, the accused products are cars that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: [1] TS 24.008 3GPP TSG Core Network and Terminals; Mobile radio interface layer 3 specification; Core network protocols (Release 11), v 11.3.0 (2012-06).  On information and belief, certain of these cars are manufactured in the

United States by Defendants, and are sold to a network of franchised dealerships throughout the United States, who then resell the accused cars to the public, including in this district.

31.     On information and belief, Volkswagen AG designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

32.     On information and belief, VGOA designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

33.     On information and belief, each of the accused cars contains telematics modules that communicate with external devices, networks and servers using wireless technologies. On information and belief, Defendants advertise these features of the cars through the website located at www.vw.com   As one example, Defendants tout their communications technology marketed as Car-Net as including 4G LTE connectivity. This technology was introduced into Volkswagen cars at least as of the 2020 model year, and is found in a variety of models, including, but not limited to the VW ID4, Arteon, Atlas, Atlas Cross Sport, Golf, Golf GTI, Jetta, Passat, Taos, and Tiguan.

34.     Defendants are infringing and continue to infringe at least claim 1 of the '677 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing and/or offering to sell the Accused Products in the United States without a license.

35.     On information and belief, Defendants have induced and are inducing infringement of one or more claims of the '677 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendants have actively, knowingly, and intentionally induced infringement of the '677 Patent by selling, offering to sell and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done

with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendants to infringe the Patents in Suit. Defendants do this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided by the accused products. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '677 Patent.

36.     On information and belief, Defendants have contributed to and are contributing to infringement of one or more claims of the '677 Patent under 35 U.S.C. § 271(c), including the claims identified herein. Defendants have, after being notified of the infringement by Plaintiff, actively, knowingly, and intentionally contributed to infringement of the '677 Patent by selling, offering to sell and/or importing into the United States accused devices for use in practicing the '677 Patent.  These products have no substantial non-infringing uses, and are known by Defendants to be especially made or especially adapted for use in the patented process that constitutes infringement of the '677 Patent.  The telematics modules in the accused devices are specifically designed to practice the claimed method and when VW's customers use the accused devices, at least one claim of the '677 Patent is practiced. Defendants' acts were done with the knowledge and specific intent that third parties, including its customers or downstream consumers, will use the accused devices supplied by Defendants to infringe the '677 Patent. Upon information and belief, these customers and downstream purchasers of the accused automobiles directly infringe the '677 Patent by using the accused devices to practice the patent process in the United States. Defendants have had actual knowledge of their infringement since

at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '677 Patent.

37.    The Accused Products infringe at least claim 1 of the '677 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device with a processor and storage.   Exhibit A is a claim chart, which is hereby incorporated by reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 1.

## COUNT II

### Infringement of U.S. Patent No. 8,787,304

38.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

39.    On information and belief, the accused products are cars that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards:  [1] TS 36.211 3GPP TSG RAN; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical channels and modulation (Release 10), v 10.2.0 (2011-06). On information and belief, certain of these cars are manufactured in the United States by Defendants, and are sold to a network of franchised dealerships throughout the United States, who then resell the accused cars to the public, including in this district.

40.    On information and belief, Volkswagen AG designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

41.     On information and belief, VGOA designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

42.     On information and belief, each of the accused cars contains telematics modules that communicate with external devices, networks and servers using wireless technologies. On information and belief, Defendants advertise these features of the cars through the website located at www.vw.com   As one example, Defendants tout their communications technology marketed as Car-Net as including 4G LTE connectivity. This technology was introduced into Volkswagen cars at least as of the 2020 model year, and is found in a variety of models, including, but not limited to the VW ID4, Arteon, Atlas, Atlas Cross Sport, Golf, Golf GTI, Jetta, Passat, Taos, and Tiguan.

43.     Defendants are infringing and continue to infringe at least claim 37 of the '304 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing and/or offering to sell the Accused Products in the United States without a license.

44.     On information and belief, Defendants have induced and are inducing infringement of one or more claims of the '304 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendants have actively, knowingly, and intentionally induced infringement of the '304 Patent by selling, offering to sell and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendants to infringe the Patents in Suit. Defendants do this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided

by the accused products. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '304 Patent.

45.     On information and belief, Defendants have contributed to and are contributing to infringement of one or more claims of the '304 Patent under 35 U.S.C. § 271(c), including the claims identified herein. Defendants have, after being notified of the infringement by Plaintiff, actively, knowingly, and intentionally contributed to infringement of the '304 Patent by selling, offering to sell and/or importing into the United States accused devices for use in practicing the '304 Patent.  These products have no substantial non-infringing uses, and are known by Defendants to be especially made or especially adapted for use in the patented process that constitutes infringement of the '304 Patent.  The telematics modules in the accused devices are specifically designed to practice the claimed method and when VW's customers use the accused devices, at least one claim of the '304 Patent is practiced. Defendants' acts were done with the knowledge and specific intent that third parties, including its customers or downstream consumers, will use the accused devices supplied by Defendants to infringe the '304 Patent. Upon information and belief, these customers and downstream purchasers of the accused automobiles directly infringe the '304 Patent by using the accused devices to practice the patent process in the United States. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '304 Patent.

46. The Accused Products infringe at least claim 37 of the '304 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device with a processor and storage. Exhibit B is a claim chart, which is hereby incorporated by reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 37.

## COUNT III

### Infringement of U.S. Patent No. 8,798,663

47. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

48. On information and belief, the accused products are cars that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: [1] TS 36.321 3GPP TSG RAN; Evolved Universal Terrestrial Radio Access (E-UTRA); Medium Access Control (MAC) protocol specification (Release 10), v 10.1.0 (2011-03). On information and belief, certain of these cars are manufactured in the United States by Defendants, and are sold to a network of franchised dealerships throughout the United States, who then resell the accused cars to the public, including in this district.

49. On information and belief, Volkswagen AG designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

50. On information and belief, VGOA designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

51.     On information and belief, each of the accused cars contains telematics modules that communicate with external devices, networks and servers using wireless technologies. On information and belief, Defendants advertise these features of the cars through the website located at www.vw.com   As one example, Defendants tout their communications technology marketed as Car-Net as including 4G LTE connectivity. This technology was introduced into Volkswagen cars at least as of the 2020 model year, and is found in a variety of models, including, but not limited to the VW ID4, Arteon, Atlas, Atlas Cross Sport, Golf, Golf GTI, Jetta, Passat, Taos, and Tiguan.

52.     Defendants are infringing and continue to infringe at least claim 1 of the '663 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing and/or offering to sell the Accused Products in the United States without a license.

53.     On information and belief, Defendants have induced and are inducing infringement of one or more claims of the '663 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendants have actively, knowingly, and intentionally induced infringement of the '663 Patent by selling, offering to sell and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendants to infringe the Patents in Suit. Defendants do this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided by the accused products. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019,

when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi
and Porsche became licensed under the '663 Patent.

54.     On information and belief, Defendants have contributed to and are contributing to
infringement of one or more claims of the '663 Patent under 35 U.S.C. § 271(c), including the
claims identified herein. Defendants have, after being notified of the infringement by Plaintiff,
actively, knowingly, and intentionally contributed to infringement of the '663 Patent by selling,
offering to sell and/or importing into the United States accused devices for use in practicing the
'663 Patent.  These products have no substantial non-infringing uses, and are known by
Defendants to be especially made or especially adapted for use in the patented process that
constitutes infringement of the '663 Patent.  The telematics modules in the accused devices are
specifically designed to practice the claimed method and when VW's customers use the accused
devices, at least one claim of the '663 Patent is practiced. Defendants' acts were done with the
knowledge and specific intent that third parties, including its customers or downstream
consumers, will use the accused devices supplied by Defendants to infringe the '663 Patent.
Upon information and belief, these customers and downstream purchasers of the accused
automobiles directly infringe the '663 Patent by using the accused devices to practice the patent
process in the United States. Defendants have had actual knowledge of their infringement since
at least the date of this complaint and, on information and belief, since at least October 1, 2019,
when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi
and Porsche became licensed under the '663 Patent.

55.     The Accused Products infringe at least claim 1 of the '663 Patent because the
standards used for wireless transmission practice the asserted claim when embodied in a device
with a processor and storage.   Exhibit C is a claim chart, which is hereby incorporated by

reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 1.

**COUNT IV**

**Infringement of U.S. Patent No. 9,363,059**

56.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

57.     On information and belief, the accused products are cars that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: [1] TS 36.321 3GPP TSG RAN; Evolved Terrestrial Radio Access (E-UTRA);  Medium Access Control (MAC) protocol specification (Release 10), v 10.1.0 (2011-03). On information and belief, certain of these cars are manufactured in the United States by Defendants, and are sold to a network of franchised dealerships throughout the United States, who then resell the accused cars to the public, including in this district.

58.     On information and belief, Volkswagen AG designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

59.     On information and belief, VGOA designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

60.     On information and belief, each of the accused cars contains telematics modules that communicate with external devices, networks and servers using wireless technologies. On information and belief, Defendants advertise these features of the cars through the website located at www.vw.com   As one example, Defendants tout their communications technology

marketed as Car-Net as including 4G LTE connectivity. This technology was introduced into Volkswagen cars at least as of the 2020 model year, and is found in a variety of models, including, but not limited to the VW ID4, Arteon, Atlas, Atlas Cross Sport, Golf, Golf GTI, Jetta, Passat, Taos, and Tiguan.

61.     Defendants are infringing and continue to infringe at least claim 49 of the '059 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing and/or offering to sell the Accused Products in the United States without a license.

62.     On information and belief, Defendants have induced and are inducing infringement of one or more claims of the '059 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendants have actively, knowingly, and intentionally induced infringement of the '059 Patent by selling, offering to sell and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendants to infringe the Patents in Suit. Defendants do this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided by the accused products. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '059 Patent.

63.     The Accused Products infringe at least claim 49 of the '059 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device

- 16 -

with a processor and storage.    Exhibit D is a claim chart, which is hereby incorporated by reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 49.

## COUNT V

## Infringement of U.S. Patent No. 9,426,765

64.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

65.    On information and belief, the accused products are cars that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: [1] TS 36.300 3GPP TSG RAN; Evolved Terrestrial Radio Access (E-UTRA) and Evolved Terrestrial Radio Access Network (E-UTRAN); Overall description (Release 11), v 11.14.0 (2015-12); and [2] TS 36.321 3GPP TSG RAN; Evolved Terrestrial Radio Access (E-UTRA);  Medium Access Control (MAC) protocol specification (Release 11), v 11.6.0 (2015-03).  On information and belief, certain of these cars are manufactured in the United States by Defendants, and are sold to a network of franchised dealerships throughout the United States, who then resell the accused cars to the public, including in this district.

66.    On information and belief, Volkswagen AG designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

67.    On information and belief, VGOA designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

68.     On information and belief, each of the accused cars contains telematics modules that communicate with external devices, networks and servers using wireless technologies. On information and belief, Defendants advertise these features of the cars through the website located at www.vw.com   As one example, Defendants tout their communications technology marketed as Car-Net as including 4G LTE connectivity. This technology was introduced into Volkswagen cars at least as of the 2020 model year, and is found in a variety of models, including, but not limited to the VW ID4, Arteon, Atlas, Atlas Cross Sport, Golf, Golf GTI, Jetta, Passat, Taos, and Tiguan.

69.     Defendants are infringing and continue to infringe at least claim 1 of the '765 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing and/or offering to sell the Accused Products in the United States without a license.

70.     On information and belief, Defendants have induced and are inducing infringement of one or more claims of the '765 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendants have actively, knowingly, and intentionally induced infringement of the '765 Patent by selling, offering to sell and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendants to infringe the Patents in Suit. Defendants do this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided by the accused products. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019,

when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under '765 Patent.

71.     On information and belief, Defendants have contributed to and are contributing to infringement of one or more claims of the '765 Patent under 35 U.S.C. § 271(c), including the claims identified herein. Defendants have, after being notified of the infringement by Plaintiff, actively, knowingly, and intentionally contributed to infringement of the '765 Patent by selling, offering to sell and/or importing into the United States accused devices for use in practicing the '765 Patent.  These products have no substantial non-infringing uses, and are known by Defendants to be especially made or especially adapted for use in the patented process that constitutes infringement of the '765 Patent.  The telematics modules in the accused devices are specifically designed to practice the claimed method and when VW's customers use the accused devices, at least one claim of the '765 Patent is practiced. Defendants' acts were done with the knowledge and specific intent that third parties, including its customers or downstream consumers, will use the accused devices supplied by Defendants to infringe the '765 Patent. Upon information and belief, these customers and downstream purchasers of the accused automobiles directly infringe the '765 Patent by using the accused devices to practice the patent process in the United States. Defendants have had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least October 1, 2019, when they were informed that Acer joined the Avanci licensing platform and their affiliates Audi and Porsche became licensed under the '765 Patent.

72.     The Accused Products infringe at least claim 1 of the '765 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device with a processor and storage.   Exhibit E is a claim chart, which is hereby incorporated by

reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 1.

## JURY DEMAND

73.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

74.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

75.     Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

76.     Plaintiff respectfully requests that the Court find in their favor and against Defendants, and that the Court grant Plaintiff the following relief:

      A.   A judgment that Defendants have infringed the Patents in Suit as alleged herein;

      B.   A judgment and order for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendants;

      C.   A judgment and order requiring Defendants to pay post-trial damages in the form of a court-determined royalty;

      D.   A judgment and order requiring Defendants to pay damages and any

royalties determined to be appropriate pursuant to 35 U.S.C. § 284;

E.   A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F.   A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.   Such other and further relief as the Court deems just and equitable.

Dated:  December 15, 2021                    By: */s/ James D. Berquist*

James D. Berquist Berquist
VA Bar #42150
jberquist@davidsonberquist.com
Donald L. Jackson
VA Bar #42882
djackson@davidsonberquist.com
Davidson Berquist Jackson & Gowdey LLP
8300 Greensboro Dr., Suite 500
McLean, VA 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200

*Of counsel:*
Kaiwen Tseng,
ktseng@tklg-llp.com
Craig R. Kaufman,
ckaufman@tklg-llp.com
Jerry Chen,
jchen@tklg-llp.com
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Telephone:   (650) 517-5200
Facsimile:    (650) 562-8054

*Attorneys for Plaintiff Acer, Inc.*